{¶ 17} For the reasons that follow, I am in agreement with a reversal of this matter, but for reasons different than those found in the majority opinion. I am in agreement with the majority that the trial court did not apply the correct statutory construction in its judgment entry. However, the analysis does not stop there. This is not a simple small claims court action. At issue here is an application for a court order directing a family to essentially disassemble their home and move it down the street. Basic concepts of due process demand a full and fair hearing before such a draconian measure is enforced. A "fair hearing" by any definition would require a hearing before a judge who accurately applies the correct statutory criteria before entering judgment. That did not happen here.
 {¶ 18} As stated by the Supreme Court of Ohio:
 {¶ 19} "The General Assembly * * * created formidable restrictions on the ability of manufactured home park operators to evict tenants. These restrictions were made necessary by the fundamental differences between apartment or conventional house tenants and manufactured home tenants. When an apartment or home tenant is evicted, the tenant simply needs to move his belongings to his new home. While this may present some difficulties, they are insignificant when compared to the dilemma faced by the manufactured home tenant who may be unable to find another park and who faces expensive storage or prohibitive moving costs. Clearly, in many instances `mobile' homes are not mobile at all. In reality, they areimmobile homes. Once they are put in place, they require a considerable amount of disassembly before they can be transported to a new location. This has led some jurisdictions to specifically find that `mobile' homes have become immobile."[1]
 {¶ 20} It is important to note that the homeowners were not even present at the eviction hearing. Their attorney apparently had a conflict in his schedule, and his ill-timed motion to continue the hearing was overruled, on the record, at the beginning of the hearing. While it is true that the discretion to grant a motion to continue is within the sound discretion of a trial court, such discretion is not absolute.[2]
 {¶ 21} I can think of few circumstances more compelling than the one encountered here. Consider this factual scenario. The tenants have sued their "park" for numerous allegedly harassing encounters in the court system of Portage County. Remember, they are the plaintiffs in this action. Even the trial court judge was troubled by the lack of a claim for "back rent" in this matter, only to be advised, on the record, this matter was about an unregistered dog. Yet incredibly, the court went forward, oblivious to the allegations in the original complaint that the dog in question was, in fact, long gone.
 {¶ 22} The only statutory authority to evict under these circumstances would be found in R.C. 3733.09.1(A)(4), which deals with a violation of "* * * rules of the manufactured home park adopted pursuant to the rules of the public health council." This record is devoid of any reference to such a rule and how it was adopted.
 {¶ 23} This is not a small claims action. The trial court clearly got it wrong. The majority is correct in a reversal, but there is no basis for granting judgment to anyone based upon the record before us.
 {¶ 24} I believe the proper outcome in this matter would be a reversal, combined with a remand to the trial court. The trial court must, as a matter of law, apply the correct law in its analysis before entering judgment on behalf of either party. It is not possible to conduct meaningful appellate review until that has happened.
[1] (Emphasis sic.) Schwartz v. McAtee, (1986), 22 Ohio St.3d 14,18.
[2] See, e.g., State v. Unger (1981), 67 Ohio St.2d 65, 67.